# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-0220V
UNPUBLISHED

| | |
|---|---|
| ADAM MACKAY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: January 27, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Jamica Marie Littles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 27, 2020, Adam MacKay filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine . Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 23, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. ECF No. 29. On January 27, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $75,000.00 in pain and suffering. Proffer at I. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $75,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ADAM MACKAY,   )<br>                              )<br>           Petitioner,   )<br>                              )   No. 20-220V<br>v.                            )   Chief Special Master Corcoran<br>                              )   ECF<br>SECRETARY OF HEALTH AND HUMAN   )<br>SERVICES,                     )<br>                              )<br>           Respondent.   )<br>                              ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 2, 2020, Adam Mackay ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). Petition at 1-4. Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, after receiving an influenza vaccine on December 7, 2017. *Id.* at 1. On July 16, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report, recommending against compensation because petitioner had not met the severity requirement under the Act based on the available evidence. ECF No. 21. The Court then ordered the parties to brief the issue of severity, and petitioner filed additional evidence as Exhibit 8. *See* ECF No. 28, Exhibit 8.

After further review of the medical records, including Exhibit 8, respondent filed an amended Rule 4(c) Report on November 23, 2021, concluding that petitioner had met the severity requirement and that the case was appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 28. That same day, the Chief Special Master issued a Ruling on Entitlement, finding petitioner entitled to compensation. ECF No. 29-30, 33.

I.   **Item of Compensation**

Respondent proffers that petitioner should be awarded $75,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.   **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $75,000.00, in the form of a check payable to petitioner.

III.   **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Adam Mackay:                               **$75,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

/s/ *Jamica M. Littles*
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 305-4014
Fax: (202) 616-4310
E-mail: jamica.m.littles@usdoj.gov

DATED: January 27, 2022

3